[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SECOND SPECIAL DEFENSE
Plaintiff hauling company alleges that between CT Page 2520 March 9, 1989 and March 25, 1991, it delivered steel beams for the new Charter Oak Bridge, and upon failure of its forwarder and the general contractor to pay for such deliveries, seeks to recover payment from the defendant insurance companies under their payment bonds. On May 9, 1991, plaintiff notified all parties of its intention to claim payment under the bonds.
Defendant insurance companies' second special defense alleges that pursuant to 49-42, C.G.S., plaintiff's claims are limited to a period of 180 days prior to the sending of notice to the defendants. Plaintiff moves to strike this special defense on the ground that its notice, delivered within 90 days of the final delivery, is applicable to all the deliveries, including those prior to the 180-day period.
Section 49-42 reads in pertinent part as follows:
 (a) Every person who has furnished labor of material in the prosecution of the work provided for in such contract in respect of which a payment bond is furnished under the provisions of section 49-41
and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which their last of the labor was done or performed by him or material was furnished or supplied by him for which the claim is made, may enforce his right to payment under the bond by serving a notice of claim within one hundred eighty days after the date on which he performed the last of the labor or furnished the last of the material for which the claim is made, on the surety that issued the bond and a copy of the notice on the contractor named as principal in the bond.
Defendants claim that each delivery made by plaintiff was a separate contract, and only those contracts performed within the 180-day period prior to the notice are covered by the notice. Assuming that each of the plaintiff's deliveries constituted separate contracts, we hold that under the facts of this case only one notice was required to be given, within 180 days after the date on which it performed the last of the labor. This interpretation is consistent with the plain language of the statute, 49-42 C.G.S. Further, this interpretation is consistent with federal cases interpreting the Miller Act, the federal equivalent to 49-42. See, U.S. for A M Petroleum Santa Fe Engineers, 822 F.2d 547, 548
(5th Cir. 1987); Noland Company v. Allied Contractors, 273 F.2d 917, CT Page 2521 920 (4th Cir., 1959), U.S. for Use and Benefit of J. A. Edwards Co. Inc. v. Bregmar Construction Corp., 172 F. Sup. 517,522 (ED NY, 1959) (interpreting the language "furnished or supplied the last of the material for which such claim is made.").
The motion to strike the defendants' second special defense is granted.
WAGNER, JUDGE